IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV313-03-MU

| | |
|---|---|
| ANTONIO M. ORTIZ[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SGT. DANIEL MERRILL et., al. ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed August 13, 2009. (Document No. 1.)

Plaintiff alleges that on or about May 8, 2008 Officers Johnson and Merrill used excessive force against him with no provocation by him. Specifically, Plaintiff contends that the officers put handcuffs on him too tight, pepper sprayed him in the face and kicked him about the ribs, stomach and head. He alleges he sustained swelling to his middle finger on his left hand; pain to his wrists, a cut over his left eyebrow and a "re-fracture" to his little toe on his right foot.

When officials are accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citing Johnson v.

---

[1] The Court notes that Plaintiff Ortiz also included Ludy Escoto as a Plaintiff, however, Mr. Escoto did not sign the Complaint nor did he file an in forma pauperis application. Furthermore, none of the claims contained in the Complaint relate to Mr. Escoto except that he may have been a witness. Therefore, the Court will not consider Mr. Escoto as a Plaintiff in this matter.

1

Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973). In addition, a plaintiff alleging an excessive force claim is also required to allege something more than a de minimus injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). The injuries Plaintiff mentioned in his Complaint include swelling to his middle finger on his left hand; pain to his wrists, a cut over his left eyebrow and a "re-fracture" to his little toe on his right foot. Taking all of Plaintiff's allegations as true, the "assault" he describes in his Complaint does not rise to the level of a Constitutional claim because he does not allege anything more than a de minimus injury as is required. Therefore Plaintiff's Complaint is dismissed for failure to state a claim for relief.[2]

Plaintiff further alleges, in a completely unrelated incident, that that on July 27, 2009, he asked Officer Washburn if he could see the pyschiatrist. According to Plainitff, Officer Washburn made fun of his request and made inappropriate statements to him regarding his request. Such claim, which does not appear to have been exhausted at all, does not rise to the level of a constitutional violation. Indeed, verbal abuse of inmates by guards, without more, states no claim. Morrison v. Martin, 755 F.Supp. 683, 687 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir. 1990). To the extent this is a deliberate indifference to medical needs claim, Plaintiff has failed to state a claim. A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated

---

[2] Furthermore, it does not appear that Plaintiff has fully exhausted this claim.

by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53. However, a plaintiff must prove that defendant was aware of facts showing a substantial risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d 164, 167-68 (4th Cir. 1998). Applying the above law to Plaintiff's allegations and in reviewing the exhibits in support of Plaintiff's Complaint, Plaintiff has not met his burden in stating a deliberate indifference claim.

Plaintiff contends that he has included Defendant De Hart in his Complaint because De Hart is the supervisor of Defendants Merrill and Johnson. Therefore, it seems Plaintiff is attempting to include Defendant De Hart based on the doctrine of respondeat superior. However, the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Therefore, defendant De Hart is dismissed.

Finally, Plaintiff contends that on April 9, 2009 Defendant Stevens put him in segregation simply because he was speaking Spanish. Plaintiff contends his Constitutional rights were violated because he was discriminated against for speaking his native language. Plaintiff further alleges that when he had his disciplinary hearing, the hearing officer found him guilty of disobeying an officer, but dismissed the B08 charge. A review of the disciplinary report reveals that there was an investigation regarding Petitioner's disciplinary charge which revealed that after Petitioner was directed to submit to handcuffs, "he took a threatening stance and began speaking in Spanish." Plaintiff grew more agitated and his tone became more threatening. Plaintiff was given a hearing

and the hearing officer upheld the charge of disobeying a lawful order to submit to handcuffs.[3]

While racial discrimination claims are actionable, conclusory allegations of discrimination are insufficient to state a claim. Henry v. Van Cleve, 469 F.2d 687 (5th Cir. 1972); Chapman v. Reynolds, 378 F. Supp. 1137 (W.D. Va. 1974). There is evidence in the record that Plaintiff, while speaking Spanish, took a threatening stance and tone. Plainitff's conclusory claim that he was discriminated against for speaking Spanish does not state a claim for discrimination.

Moreover, with respect to all of the claims in the Complaint, it appears that Plaintiff did not exhaust his claim. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003). A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. Anderson v. XYZ, 407 F.3d at 674. Here, Plaintiff attached various grievance and response to such grievance

---

[3] Plainitff did not raise a due process clause claim.

to his Complaint. A review of those grievances reveals that Plaintiff has not exhausted his claims in that the only step three grievance response attached to Plaintiff's Complaint involves a complaint about hygiene items. There was no claim in Plaintiff's Complaint involving hygiene items. Therefore, it is seems clear from Plaintiff's Complaint and from attachments thereto that he has not exhausted his administrative remedies prior to filing suit.

This Court is dismissing Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted. However, the Court also notes that it appears Plaintiff has not exhausted his administrative remedies with respect to the issues raised in this Complaint.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted.

**SO ORDERED**.

Signed: September 1, 2009

Graham C. Mullen
United States District Judge